THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
PATRICK R. FITZGERALD (Cal. State Bar No. 135512)
Assistant United States Attorney
Senior Litigation Counsel
BONNIE L. HOBBS (Cal. State Bar No. 208525)
Assistant United States Attorney
National Security Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4591/4447
    Facsimile: (213) 894-3713
    E-mail: patrick.fitzgerald@usdoj.gov
            bonnie.hobbs@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,           ) No. CR 07-1268-ODW
                                    )
            Plaintiff,              ) PLEA AGREEMENT FOR EPIFANIO MERCADO
                                    )
      v.                            )
                                    )
ALI KHALIL ELREDA, et al.,          )
                                    )
            Defendants.             )
_____)

    1.   This constitutes the plea agreement between EPIFANIO MERCADO ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

## PLEA

2.  Defendant agrees to plead guilty to count one of the indictment in <u>United States v. Ali Elreda, et al.</u>, CR No. 07-1268-ODW.

## NATURE OF THE OFFENSE

3.  In order for defendant to be guilty of the crime charged in count one of the indictment, which charges a violation of Title 21, United States Code, Sections 846 and 841(a)(1), the following must be true: (1) There was an agreement between two or more persons to commit one or more federal narcotics offenses (in this case, to possess cocaine with intent to distribute and to distribute cocaine); and (2) Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

4.  Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that the conspirators intended to possess with intent to distribute or to distribute at least five kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance. Defendant admits that, in fact, the conspiracy possessed with intent to distribute and did distribute over 5 kilograms of cocaine.

## PENALTIES

5.  The statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 846 and 841(a)(1) is: life imprisonment; a life term of supervised release; a fine of $4,000,000 or twice the gross gain or gross

loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. The statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 846 and 841(a)(1) with five or more kilograms of cocaine is: ten years imprisonment, followed by five years of supervised release.

7. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

10. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 13 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

a) Beginning on or about August 6, 2006, and continuing to at least December 9, 2006, in Los Angeles County, within the Central District of California, and elsewhere, defendant and co-defendants Robert Bell ("Bell"), Ricardo Nava ("Nava"), Ali Khalil Elreda ("Elreda"), and others, conspired and agreed with each other to knowingly and intentionally possess with intent to distribute and distribute more than five kilograms of cocaine.

b) On August 7, 2006, in a telephone conversation and using coded language, defendant and Elreda discussed the sale of cocaine by defendant to Bell. Bell wanted five kilograms of cocaine, with an eventual delivery of up to fifteen kilograms at later times.

c) Defendant caused the delivery by Nava of approximately eight kilograms of cocaine to Bell on November 1, 2006. Nava was acting at the direction of defendant. The eight kilograms subsequently were seized by law enforcement.

c) On November 29, 2006, defendant and Bell traveled with others from Los Angeles, California, to Nashville, Tennessee

4

for purposes of a drug deal.  On December 1, 2006, Bell took possession of approximately one kilogram of cocaine, $302,190 in United States currency, and miscellaneous drug packaging materials at 2211 Ladd Street, Clarksville, Tennessee, which subsequently was seized by law enforcement officers.

    d)    On December 9, 2006, an unindicted co-conspirator transported approximately twenty kilograms of cocaine in Wabaunsee County, Kansas, in his truck.  The twenty kilograms originally was intended to be delivered to Tennessee.  The unindicted co-conspirator was acting at the direction of defendant.

## WAIVER OF CONSTITUTIONAL RIGHTS

11.    By pleading guilty, defendant gives up the following rights:

    a)    The right to persist in a plea of not guilty.

    b)    The right to a speedy and public trial by jury.

    c)    The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.  (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

    d)    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e)    The right to confront and cross-examine witnesses against defendant.

1       f)   The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

      g)   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### SENTENCING FACTORS

12.   Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

13.   Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

    Base Offense Level  :  **34**   [U.S.S.G. § 2D1.1(c)(3)]
    (Between 15 and 50
    kilograms of cocaine)

    Role adjustment      :  **+2**   [U.S.S.G. § 3B1.1(c)

    Acceptance of

|  |  |  |  |
|---|---|---|---|
| Responsibility | : | -3 | [U.S.S.G. §3E1.1(b)] |

Total Offense Level : 33

The USAO will agree to a downward adjustment for acceptance of responsibility (and, if applicable, move for an additional level under § 3E1.1(b)) only if the conditions set forth in paragraph 18(b) are met. Subject to paragraph 15, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments or departures, relating to either the applicable Offense Level or the Criminal History Category, be imposed. If, however, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.

14. There is no agreement as to defendant's criminal history or criminal history category.

15. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

16. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and

the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.

DEFENDANT'S OBLIGATIONS

17. Defendant agrees that he will:

    a) Plead guilty as set forth in this agreement.

    b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

    c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

    d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

    e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

    f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

THE USAO'S OBLIGATIONS

18. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

1  a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

c) In connection with defendant's sentencing, to bring to the Court's attention any relevant facts relating to the sentencing factors contained in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

d) If defendant's adjusted offense level under the Sentencing Guidelines is level 33 or higher, the government will recommend a sentence at the low end of the applicable Guideline range.

## BREACH OF AGREEMENT

19. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

9

20. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

    b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

### LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

21. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that the sentence is within the statutory

maximum specified above, is constitutional, and is no greater than 168 months. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

22. The USAO gives up its right to appeal the sentence, provided that the sentence is within the statutory maximum specified above, is constitutional, and is 120 months or greater.

## COURT NOT A PARTY

23. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

24. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement,

understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_____          6/2/08
PATRICK R. FITZGERALD              Date
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

1  *Epifanio Mercado* (signature)                5-24-08
   EPIFANIO MERCADO                               Date
2  Defendant

3

4       I am Epifanio Mercado's attorney. I have carefully
5  discussed every part of this agreement with my client. Further,
6  I have fully advised my client of his rights, of possible
7  defenses, of the sentencing factors set forth in 18 U.S.C. §
8  3553(a), of the relevant Sentencing Guidelines provisions, and of
9  the consequences of entering into this agreement. To my
10 knowledge, my client's decision to enter into this agreement is
11 an informed and voluntary one.

12
13 *Mike R McDonnell* (signature)                 5-24-08
   MICHAEL ROGER McDONNELL                        Date
14 Counsel for Defendant
   Epifanio Mercado